# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
CAROLYN CARTER,                :
                               :
        Plaintiff,             :
                               :
v.                             :   Civil No. 3:06CV00988(AWT)
                               :
REINER, REINER & BENDETT,      :
P.C.,                          :
                               :
        Defendant.             :
                               :
-------------------------------x
```

## **RULING ON PENDING MOTIONS**

This is an action for alleged violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § § 1692e and 1692f(1). Pending are Plaintiff's Motion for Partial Summary Judgment (Doc. No. 23), Defendant's Cross Motion for Summary Judgment (Doc No. 60), Plaintiff's Motion to Strike Portions of Declarations and Exhibits C, D , F, and H (Doc. No. 62), Defendant's Motion for Summary Judgment (Doc. No. 63), and Plaintiff's Motion to Strike Portions of Declarations and Exhibits C, D, F, and H.  (Doc. No. 67).

The plaintiff and the defendant each have submitted documents that purport to comply with Fed. R. Civ. P. 56 and D. Conn L. Civ. R. 56(a), but neither party complies.

Local Rule 56(a)3 requires the following:

> Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that

would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). The "specific citation" obligation of this Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits or responses to discovery requests, and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length. Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accorance with Rule 56(a)1 or in the Court imposing sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law.

Plaintiff's Local Rule 56(a)1 Statement dated February 7, 2007 does not comply with Local Rule 56(a)3. Local Rule 56(a)3 requires the moving party to file and serve evidence supporting each separately numbered statement of undisputed material fact.

Local Rule 56(a)3 requires the moving party to cite <u>specific</u> paragraphs of affidavits and discovery responses. The plaintiff fails to do that with statements 6, 7, and 9.

Statements 10-14 attach documents, but do not state any undisputed fact the documents purportedly prove. Also, the document corresponding to statement 12 is incomplete and it is not apparent how it relates to the time at issue in this action.[1]

---

[1] The plaintiff's statement of material fact 1 refers to a stipulation of facts that is not filed with the statement. In fact, it refers to the 26(f) report, and not to a stipulation of facts, although statements in the 26(f) report constitute

2

As to the defendant, the court notes that it has not filed any Local Rule 56(a)2 Statement admitting or denying the plaintiff's statement of undisputed facts as required by D. Conn L. Civ. R. 56(a)2.

Defendant's Local Rule 56(a)1 Statement, dated May 24, 2007, contains 20 paragraphs of allegedly undisputed facts with respect to which it attaches 10 exhibits. No statement of fact refers to any of the attached exhibits.

Defendant's Local Rule 56(a)1 Statement dated June 8, 2007 submitted with Defendant's Motion for Summary Judgment dated June 8, 2007 appears identical to Defendant's Local Rule 56(a)1 Statement dated May 24, 2007 submitted with its Cross Motion for Summary Judgment dated May 24, 2007. Accordingly, the defendant's June 8, 2007 Statement suffers from the same deficiency as its May 24, 2007 Statement.

Because the papers submitted in support of the motions and cross motion for summary judgment fail to comply with the rules, the motions and cross motion (Doc. Nos. 23, 60, and 63) are hereby DENIED without prejudice. The remaining motions (Doc. Nos. 62 and 67) which are addressed to the sufficiency of the defendant's declarations in support of its motion and cross motion for summary judgment are hereby DENIED as moot.

---

judicial admissions. The court also notes that Statements 2-5 refer to admissions in the Answer to the Complaint, but fails to attach either the Complaint or the Answer, but at least those documents are ones as to which those can be no confusion as to where they are in the record.

No further motion for summary judgment may be filed by either party without the permission of the court following a pre-filing conference.

It is so ordered.

Dated this 30th day of July 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
